IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CASE NO. 1:10-cv-00546-SAS-SKB

MAXITRATE TRATAMENTO TERMICO E
CONTROLES, a foreign corporation,
IVONNE PEREIRA GOMEZ, as Personal
Representative of the Estate of ITAMAR
ANGELO CAMBRAIS, deceased and
MARCIO TORRES BORAGINI, a foreign national,

    Plaintiffs,

vs.

SUPER SYSTEMS, INC., an Ohio corporation,
and JEREMY LEE HEDMAN,

    Defendants.
_____/



## AGREED ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS

**THIS CAUSE** came before the Court in connection with the settlement involving the Plaintiffs, Maxitrate Tratamento Termico e Controles ("Maxitrate"), Marcio Torres Boragini ("Boragini"), Abramino Mario Cantoni ("Cantoni"), as Personal Representative of the Estate of Alexander Cantoni ("Estate of Cantoni"), and Ivone Pereira Gomes ("Gomes"), as Personal Representative of the Estate of Itamar Angelo Cambrais ("Estate of Cambrais")(collectively, the "Plaintiffs"), the Defendant, Super Systems, Inc. ("SSi"), and the Defendant/Counter-Plaintiff, Jeremy Hedman ("Hedman")(with SSi, the "Defendants")(all collectively, the "Parties"). After considering the settlement, the matters presented to the Court by counsel for the Parties and being otherwise duly advised, the Court hereby approves the settlement of the Parties as follows:

922893.1

## BACKGROUND

This matter involves an industrial furnace accident that occurred at the facilities of Maxitrate in Sao Paulo, Brazil on October 2, 2008, involving the rapid depressurization of a vacuum furnace, causing its furnace door to violently burst open ("Accident"). The Accident resulted in the deaths of Alexander Cantoni and Itamar Angelo Cambrais. Hedman and Boragini suffered serious personal injuries in the Accident and Maxitrate claimed to have sustained substantial economic and business reputation losses as a result of the accident.

On October 16, 2012, the Parties attended a settlement conference before this Court. At the settlement conference, Mr. Wagner Ribas, the President of Maxitrate, appeared on behalf of Maxitrate. Mr. Boragini attended the settlement conference on his own behalf. The Estate and survivors of Cantoni were represented by Cantoni, its personal representative as appointed in Brazil by way of the title of Inventariante in proceedings styled Arrolamento Comum, Process No. 405.01.2009.012254-6, filed in the 2nd Family Court of Osasco, State of São Paulo, Brazil ("Cantoni Estate Proceedings"). Maria do Carmo Cantoni, Cantoni's spouse and the mother of the decedent, also attended the settlement conference. The Estate and survivors of Cambrais were represented by Gomes, its personal representative as appointed in Brazil by way of the title of Inventariante in proceedings styled Inventário de Bens, Process No. 348.01.2008.022269-1, filed in the 4th Civil Court of Mauá, State of São Paulo, Brazil ("Cambrais Estate Proceedings"). With the permission of the Court, Gomes appeared at the settlement conference by telephone. Mr. Stephen Thompson, the President of SSi, represented the interests of SSi and Hedman attended the settlement conference on his own behalf, accompanied by Mr. James Hedman, Mrs. Karol Hedman and Ms. Amber Brandt, Hedman's father, mother and fiancé,

922893.1

respectively. The Parties and the individual survivors of Alexander Cantoni and Itamar Angelo Cambrais were represented by counsel at the settlement conference. With the Court's active participation, the Parties devoted a full day to the negotiation of the confidential settlement that the Court approves by way of this Order. Accordingly, the Court is fully familiar with the principal terms of the settlement between the Parties.

### SETTLEMENT CONFERENCE

Following the settlement conference, the Parties devoted the next several months to the careful documentation of the terms of settlement, preparing detailed and confidential settlement agreements, many in both the English and Portuguese languages. The Parties have presented those confidential agreements to the Court and the Court has reviewed them. Cantoni and Gomes have presented the Court with documentation issued by the courts in the Cantoni Estate Proceedings and the Cambrais Estate Proceedings, establishing that Cantoni and Gomes were appointed as personal representatives, known in Brazil as inventariantes, of the Estate of Cantoni and the Estate of Cambrais, respectively. The Court takes judicial notice of those appointments and finds that, pursuant to Ohio Revised Code, Section 2113.75, Cantoni and Gomes have the authority to represent and act on behalf of the Estate of Cantoni and its survivors and the Estate of Cambrais and its survivors, respectively, in connection with the settlement of the wrongful death claims asserted on behalf of those estates and their survivors. In connection with their settlement, Plaintiffs, on their behalf and on behalf of their survivors, granted to the Defendants full and complete releases of liability for, among other things, any and all claims arising from or relating to the Accident and waived their rights, in part, to seek any further compensation or to collect any further damages from the Defendants arising from the Accident.

922893.1

*Agreed Order Approving Settlement and Dismissing Claims*
*Case No: 1:10-cv-00546-SAS-SKB*
*Page 4 of 4*

## SETTLEMENT AGREEMENT

The Court hereby approves the settlement between the Parties and the individual survivors. Of particular note, the settlement of the claims asserted on behalf of the Cambrais Estate and its survivors involves two minor children. The Court notes that the distribution of the settlement proceeds in that matter involves, after distribution of a spouse's elective share to Gomes, equal distribution of the remaining settlement proceeds to the three children of Itamar Angelo Cambrais, including two minor children. The Court finds this distribution of settlement proceeds reasonable and appropriate and approves that distribution.

## DISMISSAL OF CLAIMS

The Court hereby dismisses, with prejudice, the claims asserted by Maxitrate, Boragini, the Cantoni Estate and survivors and the Cambrais Estate and survivors against SSi and Hedman, with each party to bear its own attorney's fees and costs and with Plaintiffs to be responsible for all liens and subrogated interests relating to their claims.

**IT IS SO ORDERED** this ___ day of July, 2013.

_____
THE HONORABLE TIMOTHY S. BLACK
UNITED STATES DISTRICT JUDGE

922893.1